T.C. Memo. 2002-17

UNITED STATES TAX COURT

ANGELA C. MORRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10368-00.          Filed January 16, 2002.

Angela C. Morris, pro se.

<u>Susan Smith Canavello</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioner's 1996 and 1997 Federal income taxes
of $1,544 and $1,600, respectively.  This case involves some of
the peculiarities that emanate from the union of community
property concepts and the Internal Revenue Code.  The issues are
(1) whether distributions to petitioner's husband from an
individual retirement account (IRA) held by petitioner's husband

are included in petitioner's share of community income and (2) whether petitioner is entitled, under section 66(c), to equitable relief from liability for unpaid taxes on half of the community income for 1996 and 1997.[1]  Petitioner resided in Baton Rouge, Louisiana, at the time the petition was filed.

The facts may be summarized as follows.  During 1996 and 1997, petitioner was married to and lived with Larry Morris (Mr. Morris) in Louisiana, a community property State.  They did not have a matrimonial agreement separating their property during the years at issue.  Petitioner and Mr. Morris are currently separated and living apart.

During the years at issue petitioner and Mr. Morris maintained one checking account over which both had signature authority.  Mr. Morris kept the checkbook and all bank records in his possession and gave petitioner checks for household expenses such as the mortgage, utilities, and food.  Petitioner did not have ready access to the bank records.  Mr. Morris used this same checking account for his business activities.

In 1996, Mr. Morris withdrew $7,645 from an IRA that was created and owned by him and withdrew an additional $25,660 from the IRA in 1997.  Petitioner knew that Mr. Morris made a withdrawal in 1997 because he purchased a new automobile for his

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

use.  She was unaware of the 1996 withdrawal and the precise amount of the 1997 withdrawal.

Petitioner was not involved in any way with the operations or the recordkeeping for Mr. Morris's business activities.  She knew, however, that he did not maintain proper records and dealt in cash.  Petitioner suspected that Mr. Morris did not report all of his income on his Federal income tax returns.  When petitioner confronted Mr. Morris regarding his income, records, and the proper filing of his Federal income tax returns he became verbally and physically abusive.

Petitioner filed separate Federal income tax returns for 1996 and 1997 because of her suspicions regarding Mr. Morris's honesty in reporting his correct Federal income tax liability. She believed that filing separately would relieve her of any liability from his defalcations.

Respondent determined that during 1996 and 1997, without regard to the effect of a community property regime, petitioner and Mr. Morris received income and were entitled to deductions as follows:

| Income | 1996 | | 1997 | |
| --- | --- | --- | --- | --- |
| | Petitioner | Mr. Morris | Petitioner | Mr. Morris |
| Wages | $21,407 | $2,301 | $3,265 | $-0- |
| State tax refund | 195 | -0- | 463 | -0- |
| Dividends | 2 | -0- | -0- | -0- |
| IRA early distributions | -0- | 7,645 | -0- | 25,660 |
| Schedule C, Profit or Loss from Business, net income | -0- | 15,305 | -0- | (5,373) |
| **Deductions** | | | | |
| Medical | 2,769 | -0- | 1,291 | 3,561 |
| Mortgage interest | 6,989 | -0- | 6,962 | -0- |
| Charitable contributions | 6,070 | 4,489 | 150 | 4,152 |
| Taxes | 617 | -0- | 175 | -0- |
| Miscellaneous itemized | 70 | -0- | 75 | -0- |
| **Other** | | | | |
| Sec. 72(t) additional tax | -0- | 764 | -0- | 2,566 |
| Taxes withheld | 2,163 | 125 | 288 | -0- |

Respondent applied community property principles to determine the parties' share of income, additional tax, and deductions, allocating to petitioner her community property share as follows:

| Income | 1996 | 1997 |
| --- | --- | --- |
| Wages | $11,854.00 | $1,632.50 |
| State tax refund | 97.50 | 231.50 |
| Dividends | 1.00 | -0- |
| IRA early distributions | 3,822.50 | 12,830.00 |
| Schedule C net income | 7,652.50 | (2,686.50) |
| **Deductions** | | |
| Medical | 1,384.50 | 2,426.00 |
| Mortgage interest | 3,494.50 | 3,481.00 |
| Charitable contributions | 5,279.50 | 2,151.00 |
| Taxes | 308.50 | 87.50 |
| Miscellaneous itemized | 35.00 | 37.50 |
| **Other** | | |
| Sec. 72(t) additional tax | 382.00 | 1,283.00 |
| Taxes withheld | 1,144.00 | 144.00 |

For 1996, respondent's adjustments resulted in a net increase of $2,018.50 in petitioner's income, a net decrease of $6,013 in petitioner's deductions, a $1,019 decrease in

petitioner's withholding credits, and the imposition of the section 72(t) additional tax of $382. For 1997, respondent's adjustments resulted in a net increase of $8,277.50 in petitioner's income, a net decrease of $470 in petitioner's deductions, a $144 decrease in petitioner's withholding credits, and the imposition of the section 72(t) additional tax of $1,283.

Petitioner timely filed a Form 8857, Request for Innocent Spouse Relief, seeking equitable relief from liability under the provisions of section 66(c). Respondent determined that petitioner was not entitled to equitable relief under section 66(c).

## Discussion

### 1. IRA Distributions and Petitioner's Gross Income

Spouses domiciled in Louisiana are subject to a community property regime. La. Civ. Code Ann. arts. 2327, 2334 (West 1985). Spouses may opt out of the community property regime by entering into a matrimonial agreement to that effect. La. Civ. Code Ann. art. 2329 (West 1985). There was no such agreement between petitioner and Mr. Morris. The first issue is whether, under these circumstances, portions of the distributions from Mr. Morris's IRA to him are included in petitioner's income as community property income.[2]

---

[2] The facts are not in dispute and the issue is primarily one of law. Sec. 7491, concerning burden of proof, has no bearing on this issue.

Section 408(d) generally sets forth the tax treatment of distributions from IRA's as follows:

SEC. 408(d) Tax Treatment of Distributions.--

(1) In general.--Except as otherwise provided in this subsection, any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee, as the case may be, in the manner provided under section 72.

We have held that the distributee or payee of a distribution from an IRA is "the participant or beneficiary who, under the plan, is entitled to receive the distribution." Bunney v. Commissioner, 114 T.C. 259, 262 (2000); see also Darby v. Commissioner, 97 T.C. 51, 58 (1991). In noncommunity property jurisdictions, since Mr. Morris was entitled to and did receive the distributions, those distributions would be taxable to him. Sec. 408(d)(1). The question then is whether the Louisiana community property regime dictates a different result. Section 408(g) provides that "This section shall be applied without regard to any community property laws." We held in Bunney that by operation of section 408(g), in a community property jurisdiction the spouse of a distributee, who did not receive the distribution from the IRA, is not treated as a distributee despite whatever his or her community property interest in the IRA may have been. Bunney v. Commissioner, supra at 263.

Under <u>Bunney</u>, no portion of Mr. Morris's IRA distributions are included in petitioner's gross income.[3]  Similarly, the section 72(t) additional tax does not apply to petitioner, and applies only to Mr. Morris.

## 2. Relief Under Section 66(c)

We next turn to petitioner's claim that respondent abused his discretion in refusing to grant equitable relief under section 66(c).  Initially, we note that we are only concerned with whether petitioner is entitled to equitable relief under section 66(c) for the year 1996.  With regard to 1997, petitioner has no deficiency since no part of the IRA distribution for that year is taxable to her.

Under a community property regime, each spouse is entitled to file separate Federal income tax returns.  When separate Federal tax returns are filed, each spouse must report half of the community income.  <u>United States v. Mitchell</u>, 403 U.S. 190, 196-197 (1971).  Under certain limited circumstances, one spouse may be relieved of liability for taxes on that spouse's share of community income.  These circumstances are set forth in section 66(c) as follows:

---

[3]  We note that in <u>Bunney v. Commissioner</u>, 114 T.C. 259, 262 (2000), respondent argued that the taxpayer was taxable on the full amount of the distribution because he received the distribution.  Under this rationale, it would appear here that petitioner would not be taxable on the distributions since she did not receive any of the distributions.

(c) Spouse Relieved of Liability in Certain Other Cases.--Under regulations prescribed by the Secretary, if--

(1) an individual does not file a joint return for any taxable year,

(2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse,

(3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and

(4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,

then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual). Under procedures prescribed by the Secretary, if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either) attributable to any item for which relief is not available under the preceding sentence, the Secretary may relieve such individual of such liability.

Petitioner's request for relief relies on the last sentence of section 66(c). This provision generally applies to any liability for tax arising after July 22, 1998, and any liability for tax arising on or before such date but remaining unpaid as of such date. See H. Conf. Rept. 105-599, at 251 (1998), 1998-3 C.B. 145, 200. The deficiencies at issue arose prior to July 22, 1998, but remain unpaid.

We have the authority to review respondent's denial of equitable relief under the last sentence of section 66(c). Beck

v. Commissioner, T.C. Memo 2001-198.  Here, we review respondent's denial of equitable relief under section 66(c) for abuse of discretion.  Id.; see also Fernandez v. Commissioner, 114 T.C. 324 (2000), Butler v. Commissioner, 114 T.C. 276 (2000).

Pursuant to the directions in the statute, respondent issued Rev. Proc. 2000-15, 2000-5 I.R.B. 447, setting forth the criteria under which respondent will consider equitable relief.  This list of factors is not intended to be exhaustive and includes consideration of the economic hardship on the spouse and whether the spouse had reason to know of the items giving rise to the deficiency.  Certainly these factors are important.  Petitioner knew that her husband was engaged in business, and it is petitioner's share of that community income that gives rise to the remaining deficiency for 1996.  See Beck v. Commissioner, supra.  Moreover, it would appear that petitioner did benefit from that income.  Finally, according to our rough calculation, the remaining deficiency is less than $200.  Petitioner has not established that payment of such an amount would create a substantial hardship.  Under these circumstances, we believe respondent's denial of equitable relief to petitioner under section 66(c) was not an abuse of discretion as it relates to the remaining deficiency for 1996.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>