120 T.C. No. 6

UNITED STATES TAX COURT

KATHRYN BERNAL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 930-02.                    Filed February 20, 2003.

     P filed individual Federal income tax returns as
married, filing separate, for the taxable years 1993,
1994, 1995, and 1996.  During these years, P was
married and was domiciled in California, a community
property State.  R issued notices of deficiency for the
years involved, and a timely petition was not filed.  P
later made a request for relief from tax on community
property income pursuant to sec. 66(c), I.R.C.  R
issued a notice of determination denying the request
for relief.  P filed a petition seeking review of R's
determination.  R moved to dismiss for lack of
jurisdiction.

     Held:  Unlike sec. 6015(e), I.R.C., sec. 66,
I.R.C. (Treatment of Community Property Income), does
not provide for jurisdiction permitting a taxpayer to
file a "stand alone" petition in response to a denial
of a request for relief made pursuant to sec. 66(c),
I.R.C.  Since we are without jurisdiction to review the
denial of the request for relief herein, and P did not
file a timely petition in response to the notices of

deficiency, we shall grant R's motion to dismiss and strike so much of the petition as seeks review of the denial of the request for relief made pursuant to sec. 66(c), I.R.C.

Kathryn Bernal, pro se.

David Jojola, for respondent.

OPINION

DAWSON, Judge:  This case was assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to the taxable years 1993, 1994, 1995, and 1996.  As explained in detail below, we shall grant respondent's motion to dismiss.[2]

---

[1]  Section references are to the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  The petition places in dispute the taxable year 1992 as well as the taxable years 1993 through 1996.  Respondent does not seek dismissal with respect to 1992.  Thus, the order will strike references to all tax years other than 1992.  As the record is incomplete, we do not address jurisdictional issues with respect to 1992 in this opinion.

## Background

Petitioner filed for divorce from her spouse in May 1998. It is not clear from the record whether or when the divorce was finalized.

Petitioner filed individual Federal income tax returns as married, filing separate, for the taxable years 1993, 1994, 1995, and 1996 in June 1998. Petitioner alleges that she filed the returns after she learned of an outstanding Federal income tax liability upon filing for bankruptcy under chapter 13 in or around June 1998.

In a notice of deficiency dated October 26, 1998, respondent determined that petitioner was liable for deficiencies of $4,483 and $6,749 for the taxable years 1993 and 1994 and failure to file additions to tax under section 6651(a)(1) of $1,121 and $1,687, respectively. In a notice of deficiency also dated October 26, 1998, respondent determined that petitioner was liable for deficiencies of $5,704 and $7,453 for the taxable years 1995 and 1996 and failure to file additions to tax under section 6651(a)(1) of $1,426 and $1,863, respectively. The notices of deficiency indicate that the adjustments to income resulted from a "community property split". No petition was filed with this Court in response to the notices of deficiency.

On June 29, 1999, petitioner filed with respondent Form 8857, Request for Innocent Spouse Relief, requesting relief from

income tax liability on community property income for the taxable years 1988 through 1998.[3]  Petitioner stated in an attachment to Form 8857 that:

> Code Section 6015 contains significant provisions designed to protect married taxpayers from the misdeeds of their spouses.  Further, I understand that innocent spouse relief is available under an apportioned basis. My understanding is the IRS is authorized to provide equitable innocent spouse relief to spouses in community property states who do not file joint returns.  Additionally, divorced taxpayers and married taxpayers who are legally separated or who have been living apart for at least one year are permitted to elect separate tax liability despite having filed a joint return.

In the attachment to Form 8857, petitioner further alleged that she lived separate and apart from her spouse for more than 1 year; her spouse was physically and mentally abusive; her spouse lied to her about the filing of tax returns; her monthly gross income was $750; and she would suffer undue and significant hardship unless the requested relief was granted.

Respondent issued two final notices of determination to petitioner, each dated August 13, 2001.  The explanation of items attached to the notice of determination for the 1992 year stated as follows:

> We have disallowed your claim for the 1992 tax year because you have not met the requirements of I.R.C. section 6015(f) for equitable relief as follows:
>
> *   You had reasonable belief that the tax was

---

[3]  Form 8857 does not appear to differentiate whether relief is requested under sec. 66 or under sec. 6015.

paid or going to be paid at the time you signed the return.
* You would be unable to pay basic living expenses if not relieved of the liability.
* Your spouse has a legal obligation to pay the tax debt.
* You are in compliance with federal tax laws.

The other notice of determination dated August 13, 2001, relates to the taxable years 1993, 1994, 1995, and 1996. The explanation of items attached to that notice stated as follows:

You have not established that you met the requirements of I.R.C. section 66(c) for innocent spouse relief.

You have not met the following factors:

* You did not know or have reason to know of your husband's community income.
* You have economic hardship.
* Your ex-husband is legally obligated to pay tax debt.
* You are in full compliance with federal tax laws.

The notice of determination also stated in part as follows:

we cannot grant your request for innocent spouse relief under Section 66(c) of the Internal Revenue Code from the unpaid balance and/or understatement of the tax * * *

    *      *      *      *      *      *      *

You can contest our determination by filing a petition with the United States Tax Court. You have 90 days from the date of this letter to file your petition. * * *

On January 14, 2002, petitioner filed[4] a petition for determination of relief with respect to the 1992, 1993, 1994, 1995, and 1996 tax years (petition) with the Court.  Petitioner disagrees with respondent's determination that she is not entitled to equitable relief from liability for the understatement of tax under section 6015(f) (1992) and that she has not met the requirements of section 66(c) (1993-96) for innocent spouse relief.  At the time she filed her petition, petitioner resided in Riverside, California.

In response to the petition, respondent filed the motion to dismiss at issue.  Respondent contends that the Court lacks jurisdiction to review respondent's determination made pursuant to section 66(c) and that, unlike section 6015, section 66(c) does not provide for a "stand alone" proceeding whereby an individual can petition the Tax Court in response to a determination.

### Discussion

All property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in California, is community property.  Cal. Fam. Code sec. 760 (West 1994).

---

[4]  The envelope in which the petition was contained reflects a U.S. Postal Service postmark of Nov. 5, 2001.  We assume that the delay in receipt resulted from the aftermath of the events of Sept. 11, 2001.  See sec. 7502(a)(1).

Under a community property regime, each spouse is entitled to file a separate Federal income tax return.  If separate returns are filed, then generally each spouse must report half of the community income, and each spouse is liable for Federal income taxes on that share.  United States v. Mitchell, 403 U.S. 190, 196-197 (1971); Hardy v. Commissioner, 181 F.3d 1002 (9th Cir. 1999), affg. T.C. Memo. 1997-97; Johnson v. Commissioner, 72 T.C. 340, 343 (1979).

Under certain circumstances, section 66 provides that a taxpayer may be relieved of liability from Federal income tax on community property income earned by a spouse.  Section 66(a) provides that community property income may be treated as the income of the spouse who rendered the personal services when the income is not transferred between the spouses and the spouses live apart and do not file a joint return.  Section 66(b) allows the Secretary to disallow the benefits of community property laws if the taxpayer acted as if he were solely entitled to the income and failed to notify his spouse of the nature and amount of the income before the due date for filing the return.  Section 66(c)[5] provides as follows:

_____

[5] Sec. 66(c), as amended by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(b), 112 Stat. 739, as reflected above, is effective for any liability for tax arising after July 22, 1998, and any liability for tax arising on or before that date but remaining unpaid as of that date.

SEC. 66(c). Spouse Relieved of Liability in Certain Other Cases.-- Under regulations prescribed by the Secretary, if--

(1) an individual does not file a joint return for any taxable year,

(2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse,

(3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and

(4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,

then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual). Under procedures prescribed by the Secretary, if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either) attributable to any item for which relief is not available under the preceding sentence, the Secretary may relieve such individual of such liability.

The Commissioner has issued guidance concerning the factors that he will consider when determining whether to grant equitable relief to an innocent spouse under sections 66(c) and 6015(f).[6]

---

[6] Sec. 6015(a) provides that an individual who has made a joint return may elect to seek relief from joint and several liability on such return. Because petitioner and her spouse did not file joint returns for any of the years which are the subject matter of the motion to dismiss, the provisions of sec. 6015 for
(continued...)

Notice 98-61, 1998-2 C.B. 756; Rev. Proc. 2000-15, 2000-1 C.B. 447; secs. 1.66-1 through 1.66-5, Proposed Income Tax Regs., 67 Fed. Reg. 2841 (Jan. 22, 2002). Rev. Proc. 2000-15, <u>supra</u>, also provides that the taxpayer seeking equitable relief under section 66(c) must file Form 8857 or other similar statement signed under penalties of perjury within 2 years of the first collection activity against the requesting spouse. Under section 1.66-4(g)(1), Proposed Income Tax Regs., <u>supra</u>, the requesting spouse must file Form 8857 or other written request, signed under penalties of perjury, indicating why such relief is appropriate within the time period prescribed in paragraph (g)(2) of section 1.66-4, Proposed Income Tax Regs., <u>supra</u>.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442; <u>Judge v. Commissioner</u>, 88 T.C. 1175, 1180-1181 (1987); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).

In a deficiency proceeding we may review a taxpayer's request for relief under section 66(c). In such circumstance, we must decide whether the Commissioner abused his discretion. See <u>Hardy v. Commissioner</u>, <u>supra</u>; <u>Morris v. Commissioner</u>, T.C. Memo. 2002-17; <u>Beck v. Commissioner</u>, T.C. Memo. 2001-198. The Court

[6](...continued)
relief from joint and several liability on joint returns are inapplicable. See <u>Raymond v. Commissioner</u>, 119 T.C. 191, 195-196 (2002).

also has jurisdiction to consider appropriate spousal defenses in the context of a petition for review of a lien or levy action. Sec. 6330(c)(2)(A)(i) and (d)(1)(A); sec. 301.6330-1(e)(2), Proced. & Admin. Regs.

Unlike section 6015, section 66 does not specifically and separately grant this Court jurisdiction over the Commissioner's denial of equitable relief under section 66(c). In Fernandez v. Commissioner, 114 T.C. 324 (2000), we considered a petition filed under the "stand alone" provisions of section 6015(e). We pointed out in Fernandez that our jurisdiction depended upon the specific provisions of section 6015(e)(1)(A). Id. at 329. In fact, section 6015(e) sets forth specific and separate provisions for filing a petition for review of the appropriate relief available with respect to a claim for relief from joint and several liability. While section 66(c) permits a spouse who does not file joint returns to seek relief from the effects of community income, said section does not contain a parallel provision to section 6015(e) providing for review by the Tax Court. Without such a parallel provision the conclusion is evident, that we do not have jurisdiction to consider a "stand alone" petition under section 66. As noted supra note 5, section 66(c) was amended at the same time as the enactment of section 6015. There is nothing in the statute or legislative history from which we could conclude that Congress intended to provide

independent ("stand alone") review by the Tax Court of the denial of a claim for relief under section 66.

Section 66(c) contemplates that petitioner be given the opportunity to request administrative relief from liability for income tax on community property income.  Petitioner filed a Form 8857 and requested such relief.  Although petitioner is dissatisfied with respondent's determination not to grant relief, there is no provision in section 66(c) that would vest the Court with jurisdiction to review respondent's administrative determination.[7]

As previously indicated, on October 26, 1998, respondent issued petitioner two separate notices of deficiency, one with respect to the 1993 and 1994 tax years, and the other with respect to the 1995 and 1996 tax years.  To the extent that the petition in this case may be considered an attempt to commence a deficiency proceeding, the petition is untimely.  The petition in this case was filed January 14, 2002, which is more than 3 years after the mailing of the notices of deficiency.  Petitioner has

---

[7]  Respondent's erroneous statement in the notice of determination that petitioner may challenge the determination by filing a petition with the Court within 90 days is not a basis for the Court to exercise jurisdiction, absent authorization by statute.  See Yuen v. Commissioner, 112 T.C. 123, 130 (1999) (concluding that the Court lacks jurisdiction over an interest abatement case because taxpayers' original request for abatement was filed and denied before effective date of statute); Odend'hal v. Commissioner, 95 T.C. 617, 624 (1990); Kraft v. Commissioner, T.C. Memo. 1997-476.

not alleged that she did not receive the notices of deficiency in sufficient time to timely petition, or that the notices of deficiency are otherwise invalid.  See <u>Pietanza v. Commissioner</u>, 92 T.C. 729, 735 (1989), affd. 935 F.2d 1282 (3d Cir. 1991).

Accordingly, we shall grant respondent's motion to dismiss this case for lack of jurisdiction with respect to the taxable years 1993, 1994, 1995, and 1996.

To reflect the foregoing,

> <u>An order will be issued</u>
> <u>granting respondent's motion to</u>
> <u>dismiss for lack of jurisdiction</u>
> <u>and to strike as to taxable years</u>
> <u>1993, 1994, 1995, and 1996</u>.