T.C. Summary Opinion 2003-21


UNITED STATES TAX COURT


MARY ANN WHITACRE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14982-02S.                Filed March 17, 2003.


Mary Ann Whitacre, pro se.

<u>Audrey M. Morris</u> and <u>Charles A. Hall</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and, unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended.

This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, as supplemented. Respondent contends that this case should be dismissed for lack of jurisdiction "as the petition requests review of Respondent's determination denying relief from liability based upon the provisions of I.R.C. § 66(c)." As explained in detail below, we shall grant respondent's motion, as supplemented.

Background

The record establishes and/or the parties do not dispute the following:

A. Petitioner and Mr. Sonnabend

At the time that her petition was filed with the Court, and at all other times relevant to this case, petitioner resided in Dallas, Texas. As a resident of Texas, petitioner is subject to the community property laws of that State.

For a period of time, petitioner was married to Henry Sonnabend (Mr. Sonnabend), a certified public accountant and senior regional partner with Ernst and Young. Like petitioner, Mr. Sonnabend was a resident of Texas at all relevant times and subject to the community property laws of that State.

Prior to the taxable year 1995, petitioner and Mr. Sonnabend selected as their annual accounting period a fiscal year ending June 30. Accordingly, petitioner's taxable year 1995 includes the period from July 1, 1994 through June 30, 1995.

Petitioner and Mr. Sonnabend separated on November 1, 1994, and their divorce became final on June 20, 1996.

B.  Petitioner's Profession and Income

Petitioner has a bachelor's degree in pharmacy.  During the taxable year 1995, she worked as an account executive for certain health care providers and received total wages in the amount of $37,000.

C.  Petitioner's 1995 Return and Amended Return

Petitioner timely filed a Federal income tax return, Form 1040, for the taxable year 1995.  Petitioner's return was prepared by a certified public accountant (C.P.A.).

On her return, petitioner listed her filing status as "married filing separate".  Petitioner included in income one-half of her wages (about $18,500) and one-half of Mr. Sonnabend's income of $185,000 as disclosed to her by Mr. Sonnabend. Petitioner reported a tax liability of $24,737, which was reduced by one-half of the tax withheld from her wages ($3,754), leaving a balance due of $20,983.  Petitioner did not claim any credit or payment attributable to Mr. Sonnabend on her return.[2]

---

[2] Petitioner avers that Mr. Sonnabend did not have any income subject to withholding and that he did not make any estimated tax payments.

In July 1996, petitioner, with the assistance of her C.P.A., filed an amended return, Form 1040X, for the taxable year 1995. The principal change reflected on the amended return was the inclusion of "her 50% share of estimated tax payment made 10/15/95" in the amount of $13,125.[3] The "bottom line" of the amended return showed a balance due of $7,210.[4]

D. Petitioner's Request for Relief

On or about September 15, 2001, petitioner filed with respondent Form 8857, Request for Innocent Spouse Relief, for the taxable year 1995. In an attachment to the form, petitioner stated that she was requesting equitable relief "According to revised guidelines", which she quoted as follows:

> If you were married and filed a separate return in a community property state and are now liable for an underpayment or understatement of tax, you may request equitable relief if you believe it is unfair for you to be liable for the unpaid tax.[5]

E. Respondent's Final Notice

In June 2002, the Commissioner utilized a form letter with

---

[3] The record does not definitively reveal who made the "estimated tax payment" on Oct. 15, 1995; however, it would appear that it was made by Mr. Sonnabend. Also, the record suggests that this payment was actually a payment that accompanied a request by Mr. Sonnabend for extension of time to file his separate return for the taxable year 1995.

[4] The record does not reveal whether respondent accepted petitioner's amended return.

[5] This sentence appears in the General Instructions accompanying Form 8857.

check boxes, Letter 3279(DO)(Rev. 1-2001), as a final notice of the Commissioner's determination that a taxpayer is not entitled to relief from joint and several liability on a joint return under either section 6015(b), (c), or (f). The form letter also served to advise the taxpayer that "You can contest our determination by filing a petition with the United States Tax Court."

On June 4, 2002, respondent sent petitioner Letter 3279(DO)(Rev. 1-2001). Respondent modified the letter by manually typing in the following check box and sentence:

⊠ You are not entitled to equitable relief of liability for the unpaid tax under Section 66(c) of the Internal Revenue Code.

F.  <u>Petitioner's Petition</u>

Petitioner appealed respondent's determination by filing a petition with this Court, which was docketed as a petition for determination of relief from joint and several liability on a joint return.

In her petition, petitioner does not identify or invoke any section of the Internal Revenue Code under which she seeks relief. However, the crux of petitioner's position is clearly revealed in the following passages from the petition:

According to state community property laws, if I had not have to claim half his [Mr. Sonnabend's] income, I would not have owed anything.

If you were only to look at my income--and my withholding--and my payments--I should receive a

refund.  That refund, and return of the money I have paid, would pay the amount I owe on the last two years. It is important to note, that I did not have use of his [Mr. Sonnabend's] income, even though it was community property.

G.  <u>Respondent's Motion</u>

As previously stated, respondent filed a motion to dismiss for lack of jurisdiction.  The premise of respondent's motion is that no section of the Internal Revenue Code confers jurisdiction on this Court to review the Commissioner's denial of relief under section 66(c) in respect of unpaid liability on a separately-filed return.

Pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion.  There was no appearance by or on behalf of petitioner at the hearing; however, petitioner did file a written statement pursuant to Rule 50(c).

Following the hearing, the Court directed respondent to supplement his motion to provide certain documents relevant to the disposition of his motion.  Respondent so complied.

<u>Discussion</u>

We begin by emphasizing that the tax in respect of which petitioner seeks relief is tax that petitioner reported on her separately filed income tax return for the taxable year 1995. That tax is principally attributable to community property income

of Mr. Sonnabend.  If petitioner had not reported that income on the ground that the provisions of section 66 did not require her to do so, respondent might have concluded to the contrary after examining her return and determined a deficiency in her income tax.  If that had happened, petitioner would have had the right to file a petition for redetermination with this Court and invoke the relief provided by section 66.[6]  See secs. 6211(a); 6213(a); see also Hardy v. Commissioner, 181 F.3d 1002 (9th Cir. 1999), affg. T.C. Memo. 1997-97; Morris v. Commissioner, T.C. Memo. 2002-17; Beck v. Commissioner, T.C. Memo. 2001-198.

Unfortunately for petitioner, the foregoing scenario did not occur.  In short, the present action is not one for redetermination as respondent did not determine a deficiency in petitioner's income tax.  Rather, petitioner commenced the present action asking this Court to review respondent's denial of her request on Form 8857 for "Innocent Spouse Relief".

There is no question that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Sec. 7442.  In Bernal v.

---

[6] Under certain circumstances, sec. 66 provides that a taxpayer may be relieved of liability from Federal income tax on community property earned by a spouse.  See Bernal v. Commissioner, 120 T.C. ___ (2003) (slip op. at 7), for a summary of the relief provided by that section.  Of particular note is sec. 66(c), which, under the conditions enumerated in that section, relieves a spouse of liability for tax on an item of community property attributable to the other spouse.

<u>Commissioner</u>, 120 T.C. ___ (2003), we held that this Court does not have jurisdiction to review the Commissioner's denial of equitable relief under section 66(c) in a "stand alone" (i.e., independent) action commenced by a spouse (or former spouse) who filed a separate return.

We are not unsympathetic to the plight of petitioner, who strikes us as a conscientious taxpayer. However, if we lack jurisdiction, as we do, we have no alternative but to grant respondent's motion to dismiss.[7]

---

[7] Although petitioner cannot pursue the present case in this Court, she is not without legal remedies. Thus, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied or not acted on within 6 months, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970). In addition, at the hearing on respondent's motion, counsel for respondent acknowledged that if respondent pursues collection against petitioner by either filing a notice of Federal tax lien or serving a final notice of intent to levy, petitioner would be entitled to present appropriate spousal defenses, which would include equitable relief under sec. 66(c). See sec. 6330(c)(2)(A)(i) and (d)(1)(A); sec. 301.6330-1(e)(2), Proced. & Admin. Regs.; see also <u>Bernal v. Commissioner</u>, 120 T.C. ___ (2003) (slip op. 9-10).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An Order will be entered granting respondent's Motion To Dismiss For Lack Of Jurisdiction, as supplemented.