T.C. Memo. 2005-299

UNITED STATES TAX COURT

LANNY L. CHRISTENSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7387-05.              Filed December 29, 2005.

<u>James G. LeBloch</u>, for petitioner.

<u>Patrick W. Lucas</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court under section 6015(e) to redetermine respondent's determination that petitioner is not entitled to relief under section 66(c), 6013(e), or 6015

for 1989 through 1992.[1]  Respondent moves the Court to strike for lack of jurisdiction the portion of the petition that seeks relief under section 66(c) and to dismiss that portion of this case accordingly.  We shall grant that motion.  On our own initiative, we also for lack of jurisdiction shall strike the portion of the petition that seeks relief under section 6013(e) and dismiss that portion of the case.

On September 14, 2003, petitioner requested from respondent relief under section 6015 as to each subject year.  On February 7, 2005, respondent informed petitioner that he was not entitled to the requested relief.  On April 20, 2005, petitioner petitioned this Court to redetermine whether he was entitled to any relief under section 6015, or under sections 66(c) and 6013(e).  Petitioner resided in Irvine, California, when that petition was filed.

This Court, like all Federal courts, is a court of limited jurisdiction.  See Flight Attendants Against UAL Offset v. Commissioner, 165 F.3d 572, 578 (7th Cir. 1999); Estate of Wenner v. Commissioner, 116 T.C. 284, 286 (2001).  We acquire our jurisdiction from Congress and may exercise jurisdiction over a case only to the extent that Congress has authorized us to do so.

---

[1] Section references are to the applicable versions of the Internal Revenue Code.  Sec. 6013(e) was repealed in 1998 by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(a) and (e)(1), 112 Stat. 734, 740.

See Estate of Wenner v. Commissioner, supra at 286; see also Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  While petitioner relies upon section 6015(e) in petitioning this Court to decide whether he is entitled to any relief under section 66(c), we have previously held that section 6015(e) does not give us jurisdiction to decide that issue.  See Bernal v. Commissioner, 120 T.C. 102 (2003).  While the Court does have jurisdiction to decide a taxpayer's claim for equitable relief under section 66(c) in the setting of a so-called deficiency case commenced under section 6213(a), see, e.g., id. at 107; Beck v. Commissioner, T.C. Memo. 2001-198, this proceeding is not such a case.

Petitioner also claims relief under section 6013(e).  Under that section, before its repeal, a claim in this Court for relief from joint liability was an affirmative defense in a deficiency proceeding.  Section 6013(e) did not allow the Court to grant relief to a taxpayer, such as petitioner, who filed a so-called stand-alone petition; i.e., a petition not related to a deficiency proceeding.  See Goldin v. Commissioner, T.C. Memo. 2004-129; Brown v. Commissioner, T.C. Memo. 2002-187.  We lack jurisdiction to grant petitioner relief under section 6013(e) for any of the years 1989 through and 1992.

Accordingly,

An order will be issued striking the portions of the petition requesting relief under sections 66(c) and 6013(e) and dismissing the related portions of this case.