T.C. Memo. 2003-5

UNITED STATES TAX COURT

JANICE BULLOCK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6713-02L.          Filed January 7, 2003.

Janice Bullock, pro se.

Jerome D. Sekula and Jeffrey C. Venzie, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction And To Strike, as supplemented.  Respondent moves to dismiss and strike as to the taxable years 1991 and 1992 on the ground that petitioner was not issued a notice of determination concerning collection action(s) for those years.  As explained below, we

shall grant respondent's motion, as supplemented.

Background

On January 20, 1996, respondent served the City of Philadelphia with a Notice of Levy on Wages, Salary, and Other Income in an effort to collect taxes due from Janice Bullock (petitioner) for 1991 and 1992. On May 15, 1996, respondent served Corestates Bank with a Notice of Levy in a further effort to collect taxes due from petitioner for 1991 and 1992. On April 3, 1997, respondent issued to petitioner a Final Notice--Notice of Intent to Levy regarding her unpaid taxes for 1991 and 1992. On April 24, 2000, respondent issued to petitioner a notice that respondent had applied $1,027.79 of taxes that she overpaid on her Federal income tax return for 1999 to taxes remaining due for the taxable years 1992 and 1993.

On November 29, 2000, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to her unpaid taxes for the taxable years 1993, 1994, 1995, and 1996. On December 26, 2000, petitioner filed with respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioner subsequently attended an administrative hearing at respondent's Appeals Office in Philadelphia, Pennsylvania.

On February 19, 2002, respondent sent to petitioner by certified mail a Notice Of Determination Concerning Collection

Action(s) Under Section 6320 and/or 6330.[1]  On March 28, 2002, the Court received and filed a Petition for Lien or Levy Action Under Code Sections 6320(c) or 6330(d).[2]  The petition lists the years in dispute as 1991 through 1996.

As indicated, respondent moved to dismiss for lack of jurisdiction and to strike as to the taxable years 1991 and 1992. Respondent contends that the Court lacks jurisdiction with regard to 1991 and 1992 on the ground that respondent has not issued to petitioner a notice of determination with regard to those years. Respondent avers that the notice of determination dated February 19, 2002, on which the petition is based, pertains only to the taxable years 1993 through 1996.  Petitioner filed an objection to respondent's motion, attaching to her objection copies of the notices of levy for 1991 and 1992 that respondent served on the City of Philadelphia and Corestates Bank (described above).

This matter was called for hearing at the Court's motions session held in Washington, D.C.  Counsel for respondent appeared at the hearing and offered argument in support of the motion to dismiss.  There was no appearance by or on behalf of petitioner. Following the hearing, respondent filed a supplement to his

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

[2]  The petition arrived at the Court in a properly addressed envelope bearing a timely U.S. Postal Service postmark date of Mar. 19, 2002.

motion. Petitioner failed to file a response to respondent's supplement as directed by the Court.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction to review collection actions under sections 6320 (liens) and 6330 (levies) depends on the issuance of a notice of determination and the filing of a timely petition for review. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing), and if dissatisfied, with judicial review of the administrative determination in the Tax Court or Federal District Court, as appropriate. Section 6330 is effective with respect to collection actions initiated more than 180 days after July 22, 1998; i.e., January 19, 1999. See Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401(d), 112 Stat. 685, 750.

The record in this case shows that, in 1996, respondent served notices of levy on the City of Philadelphia and Corestates

Bank with regard to petitioner's unpaid taxes for 1991 and 1992. Inasmuch as these collection actions were initiated well before the effective date of RRA 1998, it follows that we do not have jurisdiction to review those matters in this proceeding.

The record also shows that, on April 24, 2000, respondent applied petitioner's overpayment for 1999 to offset petitioner's unpaid taxes for 1992 and 1993. Although respondent initiated the offset after the effective date of RRA 1998, respondent's application of a taxpayer's overpayment for one taxable year to offset the taxpayer's liability for another taxable year does not constitute a collection action that is subject to review under sections 6320 or 6330. In particular, the Commissioner's authority to credit an overpayment to offset any taxpayer's liability is set forth in section 6402. An offset under section 6402 is distinguishable from, and does not constitute, a levy action. See Belloff v. Commissioner, 996 F.2d 607, 615-616 (2d Cir. 1993) (comparing a levy with a "setoff"); Karara v. United States, 90 AFTR 2d 2002-6264, 2002-2 USTC par. 50,667 (M.D. Fla. 2002) (holding that the Commissioner's partial offset of the taxpayer's liability for 1993 by crediting the taxpayer's $300 refund for 2000 did not violate section 6330(e)(1), which bars the Commissioner from issuing a levy while collection review proceedings are pending); Trent v. Commissioner, T.C. Memo. 2002-285 (holding that the Commissioner's offset of the taxpayer's

liability for one year by crediting refunds from other years did not violate section 6015(e)(1)(B), which bars levy actions while a taxpayer's claim for relief from joint and several liability on a joint return is pending); sec. 301.6330-1(g)(2), Q&A-G3, Proced. & Admin. Regs.

In sum, we shall grant respondent's motion to dismiss and to strike, as supplemented, inasmuch as respondent has not issued a notice of determination to petitioner with regard to any collection action for either 1991 or 1992.

To reflect the foregoing,

An order will be issued granting respondent's motion to dismiss for lack of jurisdiction and to strike, as supplemented.