124 T.C. No. 18

UNITED STATES TAX COURT

KENNETH B. AND MARIE L. BOYD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17660-03L.                    Filed June 27, 2005.

R applied an overpayment in tax from Ps' 2002 taxable year to other taxes owed by Ps and notified Ps of that fact (the notice). Ps rely on language in sec. 6331(i)(3)(B), I.R.C., describing "any levy to carry out an offset" in support of their assignment that R erred in levying against their property without first giving them notice of their right to a sec. 6330, I.R.C., prelevy hearing. Ps also assign error to R's application of the overpayment to P husband's liability under an installment agreement. R has moved to dismiss for lack of jurisdiction on the grounds that Ps have received no statutory notice of deficiency or any other determination that would give the Court jurisdiction to consider Ps' assignments of error (and Ps concede as much). R also disputes that an offset is a levy. We need not interpret sec. 6331(i)(3)(B), I.R.C., since even were we to consider the notice as evidence of a determination to proceed to collect tax by levy, Ps did not timely petition the Court within the 30-day period prescribed by sec. 6330(d)(1), I.R.C., so that we must dismiss for lack of jurisdiction.

Held:  Motion to dismiss for lack of jurisdiction
will be granted.


Peter L. Banis, for petitioners.

Michael R. Fiore, for respondent.


OPINION


HALPERN, Judge:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction (the
motion).  Petitioners object.  For the reasons stated, we shall
grant the motion.

Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended (the Code), and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

## Background

The petition in this case was filed on October 14, 2003.[1]
At the time they filed the petition, petitioners resided in
Dennis, Massachusetts.  Accompanying the petition are various
documents, including a copy of a notice dated May 5, 2003,
addressed to petitioner wife (but pertaining to the account of
both petitioners), which states that the Internal Revenue Service
(IRS) has applied an overpayment of $6,549 in petitioners' income

---

[1]  The wrapper containing the petition has a postmark
bearing the date Oct. 7, 2003.

tax for 2002 (the overpayment) to other taxes owed by petitioners: viz, their Form 1040 liability for their tax period ended September 30, 1998. There are also copies of an IRS Form 9423, Collection Appeal Request, dated August 20, 2003, and accompanying letter, which petitioners submitted to the IRS in protest of the application of the overpayment to other taxes owed by them. Finally, there is a copy of a letter from the IRS dated September 10, 2003, rejecting petitioners' protest on the ground the application of the overpayment was appropriate.

Petitioners' principal assignment of error is that the IRS (respondent) erred in applying the overpayment to other taxes owed by petitioners without giving them the opportunity for a hearing pursuant to section 6330 (a section 6330 hearing or, simply, hearing). Petitioners further claim that respondent erred in applying the overpayment to petitioner husband's liability under an agreement to pay certain taxes in installments. It was an error to do so, petitioners claim, since neither was petitioner husband in default under the agreement nor had respondent complied with the terms of section 6159(b)(5). In the case of default or certain other occurrences in connection with an installment agreement to pay tax, section 6159(b)(5) generally requires at least 30 days' notice if respondent intends to terminate the agreement or modify its terms.

Respondent did not answer the petition but, instead, made the motion.  See Rule 36(a).  In support of the motion, respondent argues that no statutory notice of deficiency, as authorized by section 6212 and required by section 6213(a) to form the basis for a petition to this Court, has been sent to petitioners with respect to 2002 (the taxable year in question), nor has respondent made any other determination with respect to 2002 that would confer jurisdiction on the Court.  Replying to petitioner's opposition to the motion, respondent points out that, in their papers opposing the motion, petitioners concede that no notice of deficiency or other determination was issued by respondent.  Respondent argues that, on those grounds alone, the motion should be granted.  Nevertheless, respondent addresses petitioners' assignments of error.  He denies that petitioners were entitled to a section 6330 hearing since the overpayment was applied to other taxes by way of offset and not by way of levy. The notice and hearing requirements of section 6330, he claims, apply only to proposed levy actions, and not to administrative offsets.  Moreover, he claims that, since an offset is not a levy, there was no violation of any prohibition under section 6331(k)(2) that no levy with respect to unpaid tax may be made while an installment agreement for payment of such tax is in effect.

## Discussion

### I.  Sections 6330 and 6331

Section 6331(a) authorizes the Secretary of the Treasury (Secretary) to levy against property and property rights where a taxpayer liable for taxes fails to pay those taxes within 10 days after notice and demand for payment is made.  Section 6331(d) requires the Secretary to send written notice of an intent to levy to the taxpayer, and section 6330(a) requires the Secretary to send a written notice to the taxpayer of his right to a section 6330 hearing at least 30 days before any levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Commissioner's Appeals Office, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(b)(1), (c)(2).  The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy.  Sec. 6330(c)(2).[2]  At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives proposed by the taxpayer and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer

---

[2]  A taxpayer receiving a notice of Federal tax lien has hearing rights similar to the hearing rights accorded a taxpayer receiving notice of intent to levy.  See sec. 6320(c).

that the collection action be no more intrusive than necessary. See sec. 6330(c)(3).

After the hearing, the taxpayer has 30 days to appeal the determination of the Appeals officer to the appropriate court. Sec. 6330(d)(1). We have jurisdiction to review the Appeals officer's determination where we have jurisdiction over the type of tax involved in the case. Sec. 6330(d)(1)(A). In Offiler v. Commissioner, 114 T.C. 492, 498 (2000), we held that prerequisites to the exercise of our jurisdiction under section 6330(d) are the issuance of a valid notice of determination and a timely petition for review. See also Lunsford v. Commissioner, 117 T.C. 159, 161 (2001) (section 6330(d) jurisdiction is dependent on "written notice" of a section 6330 determination).

If a hearing is timely requested, section 6330(e)(1) suspends the levy action until the conclusion of the hearing and any judicial review. The section also overrides the so-called Anti-Injunction Act, section 7421(a), and permits proceedings in the proper court, including the Tax Court, to enjoin the beginning of a levy during the period the levy action is suspended. With respect to such proceedings brought in the Tax Court, the Court has no jurisdiction to enjoin a levy unless the taxpayer has timely appealed to the Court to review the Appeals officer's determination and then only in respect of the unpaid tax or

proposed levy to which the determination being appealed relates. Sec. 6330(e)(1).

## II.  Levy Versus Offset

A levy is distinguishable from an offset.  See, e.g., Belloff v. Commissioner, 996 F.2d 607, 615-616 (2d Cir. 1993) (comparing discussion of "levy" in United States v. Natl. Bank of Commerce, 472 U.S. 713, 720 (1985), with "setoff" in United States v. Munsey Trust Co., 332 U.S. 234, 239 (1947)), affg. T.C. Memo. 1991-350.  The Commissioner's levy authority derives from the Code, sec. 6331, and it allows the Commissioner to proceed administratively to assert the Government's rights in the property of the taxpayer held by any person, see United States v. Natl. Bank of Commerce, supra at 720-721.  Offset is the common law right of a creditor, shared by the Government and all creditors, to apply the unappropriated moneys of the debtor in the hands of the creditor in extinguishment of the debts of the debtor's due the creditor.  United States v. Munsey Trust Co., supra at 239.  Section 6402(a) contains a statutory counterpart, which authorizes the Secretary to credit a taxpayer's overpayment of tax against any tax liability of the taxpayer.

Based on the distinction between levy and offset, and the limitation of section 6330 to levy actions, we have held that the Commissioner's application of a taxpayer's overpayment for one taxable year to offset the taxpayer's liability for another

taxable year does not constitute a collection action that is subject to review under section 6330.  Bullock v. Commissioner, T.C. Memo. 2003-5.  We have relied on the same distinction in a case involving restrictions applicable to levy actions during the pendency of an action for relief from joint and several liability.  Trent v. Commissioner, T.C. Memo. 2002-285.  In section 301.6330-1(g)(2), Q&A-G3, Proced. & Admin. Regs., the Secretary of the Treasury has provided that offset is a nonlevy collection activity that the IRS may take during the suspension period provided in section 6330(e)(1).  See also sec. 301.6331-4(b)(1), Proced. & Admin. Regs.

III.  Petitioners' Defense to the Motion

Petitioners' defense to the motion rests on two propositions set forth in the petition:  (1) In applying the overpayment to other taxes, respondent "effected an offset", and (2) "a levy must be carried out to effect an offset".  They claim that, because the offset was by levy, respondent erred in not according them their rights under section 6330 to notice and a hearing. They pray that, on account of such error, the Court compel respondent to return the overpayment to them.

Petitioners argue that an offset can be effected only by levy.  They believe that we erred in Bullock v. Commissioner, supra, in holding that offset is not a levy subject to the provisions of section 6330.  Petitioners support their argument

by pointing to the language of section 6331(i)(3)(B)(i). Section 6331(i) provides that no levy may be made during the pendency of proceedings for the refund of a divisible tax (e.g., any employment tax). In pertinent part, section 6331(i)(3)(B) provides: "Certain levies. This subsection shall not apply to- -(i) any levy to carry out an offset under section 6402".

By reference to the language of section 6331(i)(3)(B), a similar exception is incorporated into section 6331(k), which provides that no levy may be made while an offer in compromise is pending or an installment agreement is pending or in effect. Sec. 6331(k)(3)(A).

Petitioners sum up their argument as follows:

> So there we have it. To carry out an offset[,] you must levy first. That is how the Commissioner acquires a taxpayer's property, by levy. If a levy upon an overpayment were not required, and[,] as the Respondent contends, an[] offset has independent authority to operate without the predicate act of a levy, the statute would * * * [read differently].

Petitioners acknowledge that they received no notice of determination, but they ask us to overrule our holdings in Offiler v. Commissioner, 114 T.C. 492 (2000), and Lunsford v. Commissioner, 117 T.C. 159 (2001), that a notice of determination is a prerequisite to our section 6330 jurisdiction. They argue that, in a case where the Secretary has levied on property of the taxpayer without first providing the taxpayer the written notice of the taxpayer's right to a prelevy hearing required by section

6330(a)(1), we have injunctive power under section 6330(e)(1) to undo the levy notwithstanding that the taxpayer has not received the posthearing notice of determination to levy contemplated in Offiler and Lunsford. In support of their argument, they claim that, if we lack authority to act, they have no remedy for the Secretary's unlawful conduct in levying on their property without complying with the terms of section 6330, a result (they believe) Congress plainly did not intend.

IV. Discussion

A. Section 6331(i)(3)(B)(i)

Both subsections (i) and (k) of section 6331 (as they presently read) were added to that section by the Internal Revenue Service Restructuring and Reform Act of 1998 (the 1998 Act), Pub. L. 105-206, secs. 3433(a), 3462(b), 112 Stat. 759, 765. S. Rept. 105-174 (1998), 1998-3 C.B. 537, is the report of the Committee on Finance that accompanied H.R. 2676, 105th Cong., 2d Sess. (1998), which became the 1998 Act. That report makes clear the committee's intent that new section 6331(i) (which originated in the Senate) would not affect the IRS's ability to offset refunds. S. Rept. 105-174, supra at 80, 1998-3 C.B. at 616. Given the historic distinction between levy and offset, there is no indication why the committee thought necessary the exception found in section 6331(i)(3)(B)(i), nor is there any explanation of the language "levy to carry out an offset".

We need not solve the puzzle of section 6331(i)(3)(B)(i), however, because we agree with respondent that we cannot grant petitioners the relief they request in any event.

B. Lack of Jurisdiction

As the Supreme Court observed in Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978): "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." We have only the authority given to us by Congress. Sec. 7442; e.g., Bernal v. Commissioner, 120 T.C. 102, 107 (2003). Petitioners invoke our authority under section 6330(d) to review a determination made pursuant to that section to proceed with a collection action (a section 6330 determination) and, under certain circumstances, to enjoin that action. They pray that we compel respondent to return the overpayment to them.

With respect to the content of the petition in an action brought under section 6330(d), Rule 331(b) provides that a copy of the notice of determination accompany the petition. We have described the notice of determination as the taxpayer's "ticket" to the Tax Court. Weber v. Commissioner, 122 T.C. 258, 263 (2004). We have held that the absence of a section 6330 determination is grounds for dismissal of a petition that

purports to be based on section 6330.  Offiler v. Commissioner,
114 T.C. at 498.

Petitioners argue that, if written notice of the taxpayer's
right to a hearing is a prerequisite to a levy, the Secretary
cannot avoid court review of a levy by failing to give the
requisite notice.  What petitioners consider to be a levy in this
case was respondent's application of the overpayment to other
taxes owed by petitioners.  The IRS notified petitioners of that
action by a notice dated May 5, 2003 (the notice).  The petition
was filed on October 14, 2003.  Our jurisdiction under section
6330(e)(1) to enjoin an improper levy is dependent on both a
section 6330 determination and an appeal to this Court within 30
days of that determination.  Sec. 6330(d)(1), (e)(1).  Thus, even
if we were to consider the notice as evidence of a concurrent
section 6330 determination, petitioners failed to seek our review
of that determination within 30 days of May 5, 2003, and, for
that reason alone, we would be required to dismiss for lack of
jurisdiction.  See, e.g., Jones v. Commissioner, T.C. Memo. 2003-
29 ("statutory periods are jurisdictional and cannot be
extended").[3]  We do not have facts in front of us that provide

---

[3]  By letter dated Sept. 10, 2003 (the letter), the IRS
rejected petitioners' protest of the application of the
overpayment to other taxes owed by them.  The letter was in
response to an IRS Form 9423, Collection Appeal Request (Form
9423), with accompanying correspondence, submitted by
petitioners.  In Offiler v. Commissioner, 114 T.C. 492, 494-495,
(continued...)

any basis to overrule <u>Offiler v. Commissioner</u>, <u>supra</u>, and <u>Lunsford v. Commissioner</u>, <u>supra</u>.

Petitioners also claim that respondent erred in applying the overpayment to a liability subject to an installment agreement, thus violating the provisions of section 6159. While petitioners do not claim that section 6159 provides a jurisdictional basis for the Court to take any action in that regard, they do claim that, had they been allowed a section 6330 hearing, and had they been allowed to offer a collection alternative, they would have had the opportunity to demonstrate not only their entitlement to the collection alternative of an installment agreement but that petitioner husband already had an installment agreement to pay the unpaid tax against which was applied the overpayment. Because petitioners have not satisfied the prerequisites to invoke our jurisdiction under section 6330, we have no authority to consider petitioners' claim.[4]

---

[3](...continued)
(2000), the taxpayer, after receiving a notice of intent to levy and being advised of her right to a sec. 6330 hearing, but failing to make a timely request for such hearing, submitted a Form 9423, to the IRS "accepting" the offer of a sec. 6330 hearing. The request was rejected (the rejection). We observed that the Commissioner's Collection Appeals Program "is an administrative review program not required by statute." <u>Id.</u> at 494. We found that the rejection "was not, and did not purport to be, a notice of determination pursuant to section 6330."

[4] Since petitioners do not rely on the exception to the so-called Anti-Injunction Act, sec. 7421(a), found in sec. 6331(k)(3)(A), we do not rule on its application or consider
(continued...)

V.  <u>Conclusion</u>

   We shall grant the motion since we have no jurisdiction to consider the errors assigned by petitioners.

   To reflect the foregoing,

                              <u>An order  of dismissal</u>

                              <u>for lack of jurisdiction will</u>

                              <u>be entered</u>.

---

   [4](...continued)
whether we have injunctive power under that provision.