T.C. Memo. 2006-6

UNITED STATES TAX COURT

JANICE BULLOCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6713-02L.                    Filed January 17, 2006.

Janice Bullock, pro se.

<u>Carol-Lynn E. Moran</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case arises from a petition filed in
response to a notice of determination concerning collection
action(s) under section 6320[1] and/or 6330 (notice of determina-
tion).

_____

    [1]All section references are to the Internal Revenue Code in
effect at all relevant times.

We must decide whether we should dismiss this case as moot. We hold that we should.

## Background

Some of the facts have been stipulated and are so found.

Petitioner resided in Philadelphia, Pennsylvania, at the time she filed the petition in this case.

On April 15, 1997, petitioner filed a Federal income tax (tax) return (return) for her taxable year 1996. On October 23, 1998, petitioner filed a return for each of her taxable years 1993, 1994, and 1995. In petitioner's 1993 return, petitioner reported total income of $37,853.47, total tax of $2,250, and tax withheld of $4,376.39 and claimed an overpayment and a refund of $2,126. In petitioner's 1994 return, petitioner reported total income of $40,096.51, total tax of $0, and tax withheld of $4,317.53 and claimed an overpayment and a refund of $4,317.53. In petitioner's 1995 return, petitioner reported total income of $39,236, total tax of $0, and tax withheld of $4,319.29 and claimed an overpayment and a refund of $4,319.29. In petitioner's 1996 return, petitioner reported total income of $23,037, total tax of $0, and tax withheld of $1,171.04 and claimed an overpayment and a refund of $1,171.

Respondent made changes to petitioner's respective returns for her taxable years 1993 through 1996. With respect to petitioner's taxable year 1993, respondent concluded that peti-

tioner's total tax was $5,750, which respondent assessed on February 15, 1999. With respect to petitioner's taxable year 1994, respondent concluded that petitioner's total tax was $4,744, which respondent assessed on March 29, 1999. With respect to petitioner's taxable year 1995, respondent concluded that petitioner's total tax was $5,764, which respondent assessed on December 14, 1998. With respect to petitioner's taxable year 1996, respondent concluded that petitioner's total tax was $2,471, which respondent assessed on June 2, 1997.

On November 29, 2000, respondent sent petitioner a final notice--notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to the respective amounts of tax that respondent concluded petitioner owed for her taxable years 1993 through 1996.

On December 26, 2000, respondent received Form 12153, Request for a Collection Due Process Hearing, from petitioner.

Respondent's Appeals officer (Appeals officer) held three face-to-face hearings with petitioner with respect to the notice of intent to levy. The Appeals officer permitted petitioner to submit an amended return for each of her taxable years 1993 through 1996. On December 11, 2001, the Appeals officer received from petitioner an amended return for each of her taxable years 1993 through 1995. On December 18, 2001, the Appeals officer received from petitioner an amended return for her taxable year

1996. In petitioner's 1993 amended return, petitioner reported total tax of $3,956 and tax withheld of $4,376 and claimed an overpayment and a refund of $420. In petitioner's amended return for 1994, petitioner reported total tax of $2,284 and tax withheld of $4,318 and claimed an overpayment and a refund of $2,034. In petitioner's 1995 return, petitioner reported total tax of $3,671 and tax withheld of $4,323 and claimed an overpayment and a refund of $652. In petitioner's 1996 amended return, petitioner reported total tax of $2,314 and tax paid of $2,812 and claimed an overpayment and a refund of $498.

On February 19, 2002, the Appeals Office issued to petitioner a notice of determination with respect to the notice of intent to levy. In the notice of determination, respondent sustained the proposed collection action.

Thereafter, respondent agreed to accept the information reported in petitioner's 1993 amended return, 1994 amended return, 1995 amended return, and 1996 amended return, except for the amount of tax paid reported in petitioner's 1996 return.[2] With respect to petitioner's taxable years 1993, 1994, and 1995, the respective taxes withheld exceed the respective total taxes

---

[2]In her 1996 amended return, petitioner reported tax paid of $2,812, which she claimed consisted of tax withheld of $1,008 and other tax payments of $1,804. Respondent's records indicate that the tax payments for petitioner's taxable year 1996 total $1,171, which consisted entirely of tax withheld and which is the total amount of tax payments that petitioner reported in her 1996 return filed on Apr. 15, 1997.

reported in petitioner's 1993 amended return, 1994 amended return, and 1995 amended return. Respondent thus acknowledges that petitioner does not owe tax for any of her taxable years 1993, 1994, and 1995. With respect to petitioner's taxable year 1996, respondent maintains that petitioner owes tax of $1,143 computed as follows: Total tax of $2,314 reported in petitioner's 1996 amended return minus tax withheld of $1,171 shown in respondent's records and reported in petitioner's 1996 return filed on April 15, 1997. Respondent satisfied the tax due of $1,143 for petitioner's taxable year 1996 by offsetting such tax due with overpayments for petitioner's taxable years 1999, 2002, and 2003.[3]

## Discussion

It is respondent's position that this case is moot. According to respondent,

> Respondent has accepted the tax reported on petitioner's amended income tax returns for the tax years 1993 through 1996. For the years 1993, 1994 and 1995, petitioner has sufficient withholding to fully pay the tax. For the year 1996, petitioner has a tax liability but this liability had been fully paid by offsets from other years. Since petitioner has no unpaid liabilities for the years at issue, respondent will not be taking further collection action and this case is moot.

It is petitioner's position that she has overpaid tax for

---

[3]Respondent originally applied overpayments for petitioner's taxable years 1999, 2002, and 2003 to petitioner's taxable year 1993. Respondent reversed the application of such overpayments to petitioner's taxable year 1993 and applied such overpayments to petitioner's taxable year 1996.

each of her taxable years 1993 through 1996 and that she is entitled to a refund of such overpaid tax for each such year as well as interest on each such claimed overpayment. Respondent disputes petitioner's position. However, it is respondent's position that the Court may not resolve that dispute. That is because, according to respondent, the Court does not have juris-diction (1) to determine whether there is an overpayment for each of petitioner's taxable years 1993 through 1996 or (2) to order a refund or credit of tax for each such year.

We agree with respondent that this case is moot. Respondent no longer claims that there is an amount of tax due from peti-tioner with respect to any of her taxable years 1993 through 1996[4] and does not intend to pursue any collection action with respect to any of those years. As for petitioner's position that there is an overpayment for each of those years for which she is entitled to a refund, we agree with respondent that we do not have jurisdiction in this proceeding to determine whether there is an overpayment or to order a refund or a credit of tax for any of those years. Greene-Thapedi v. Commissioner, 126 T.C. __ (2005). We shall dismiss this case as moot.[5]

_____

[4]With respect to petitioner's taxable year 1996, respondent offset the amount of tax that respondent maintains is due from petitioner (i.e., $1,143) with overpayments for 1999, 2002, and 2003. See sec. 6402(a).

[5]We have considered all of petitioner's contentions and
(continued...)

An appropriate order of

dismissal will be entered.

---

[5](...continued)
arguments other than those relating to her position that she has an overpayment for which she is entitled to a refund or credit of tax for each of her taxable years 1993 through 1996, and we find them to be without merit, irrelevant, and/or moot.