

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2006

# Bullock v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1823

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bullock v. Comm IRS" (2006). *2006 Decisions.* Paper 160.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/160

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1823

JANICE BULLOCK,
                                                Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

On Appeal from the United States Tax Court
Tax Court No. 6713-02L
(Tax Court Judge: Honorable Carolyn P. Chiechi)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2006

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed: November 22, 2006)

OPINION OF THE COURT

PER CURIAM.

        Janice Bullock appeals the Tax Court's decision dismissing her case as moot.  The

procedural history of this case and the details of Bullock's claims are well-known to the

parties, set forth in the Tax Court's opinion, and need not be discussed at length.  Briefly,

Appellee issued Bullock a Notice of Determination in which he sustained the proposed

collection action against her regarding her tax liabilities for the years 1993 through 1996. Bullock filed a petition in the Tax Court to contest the notice. See 26 U.S.C. § 6330(d)(1). In her petition, she also contested issues regarding tax years 1991 and 1992. The Tax Court dismissed Bullock's claims regarding tax years 1991 and 1992 for lack of jurisdiction. After a hearing was held, Appellee argued that the case was moot because Appellee was no longer taking any collection action against Bullock as Appellee had offset her tax liability with overpayments from later years. The Tax Court agreed and dismissed the case. Bullock filed a timely notice of appeal.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We agree with the Tax Court that it lacked jurisdiction to review the collection of Bullock's 1991 and 1992 tax liabilities because no notice of determination had been issued to Bullock with regard to any collection actions for those years and because the collection actions for those years were initiated before the enactment of 26 U.S.C. § 6330. We further agree that the Tax Court lacked jurisdiction over the issue of the application of overpayments from later years to Bullock's tax liabilities from earlier years because such offsets did not constitute levies. See Boyd v. Comm'r, 451 F.3d 8 (1st Cir. 2006); Hankin v. United States, 891 F.2d 480 (3d Cir. 1989). The Tax Court correctly dismissed the remaining claims because Appellee was no longer seeking a collection action against Bullock for the years at issue.

For the above reasons, as well as those set forth by the Tax Court, we will affirm the Tax Court's January 17, 2006, judgment.