T.C. Summary Opinion 2007-84

UNITED STATES TAX COURT

MARLIN D. CUTSHALL, SR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23959-05S.                Filed May 24, 2007.

Marlin D. Cutshall, Sr., pro se.

Ronald E. Collins, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $678. After concessions,[1] the sole issue for decision is whether petitioner is entitled to claim a business loss deduction of $10,000 on Schedule C, Profit or Loss From Business.

## Background

The exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in York, Pennsylvania.

Petitioner filed separately from his spouse, a Form 1040, U.S. Individual Income Tax Return, for 2003. On Schedule C petitioner claimed a deduction of $10,000 for a business loss from the taxable year 1982.

Respondent issued to petitioner a statutory notice of deficiency for 2003 disallowing the claimed deduction for lack of substantiation.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[2] Rule

---

[1]Petitioner concedes that the Social Security retirement benefits of $7,404 and the pension from the Public School Employees Retirement System of $8,260 that he received in 2003 are includable in gross income.

[2]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. The Court concludes that sec. 7491 does not apply

(continued...)

142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Moreover, tax deductions are a matter of legislative grace with a taxpayer bearing the burden of proving entitlement to the deductions claimed. Rule 142(a)(1); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).

In 1982, petitioner leased a parcel of land on which he and his family ran a small produce stand out of a moveable type structure. Petitioner contends that, despite his lease, a "group of lawyers" wanted to build a motel on the land. Petitioner claims that when he refused to move, "they took a truck in and took everything that I had". As a result, petitioner's produce stand was forced to shut down, and petitioner allegedly sustained a business loss of $10,000.

On his 1982 return, petitioner claimed a business loss of $10,000 for his produce stand. Petitioner's testimony suggests that he expected the Internal Revenue Service (IRS) to reimburse him, in actual dollars, for the business loss claimed on the return. When petitioner did not receive any form of response from the IRS, he continued to claim a business loss of $10,000 on each and every return that he filed with the IRS after 1982 because he wanted "a sense of fairness from the IRS."

---

[2](...continued)
because petitioner has not produced any evidence that establishes the preconditions for its application.

Petitioner complained on part V of Schedule C for 2003 that the IRS has never given him a business loss, that the "mafia lawyer" stole all he owned, and that he has fought with "them" for 25 years.

Contrary to petitioner's belief, he was apparently allowed a business loss deduction of $10,000 for each year from 1982 to 2002. Under section 6212(a), if respondent determines that there is a deficiency, he is authorized to issue to petitioner a notice of deficiency. Respondent, however, did not issue to petitioner a notice of deficiency or otherwise notify him that the deductions claimed on the returns for 1982 to 2002 were disallowed. See secs. 6212(a), 6320, 6330. Petitioner therefore had the benefit of reducing his gross income by $10,000 for each year from 1982 to 2002.

At trial, petitioner further complains that even though he claimed a business loss on each and every return filed on and after 1982, he was not granted an opportunity to appear before the Court until the 2003 return was filed.

For the taxable year 2003, respondent finally disallowed the business loss deduction of $10,000, determined a deficiency, and issued to petitioner a notice of deficiency, often described as the "ticket to the Tax Court". Boyd v. Commissioner, 124 T.C. 296, 303 (2005), affd. 451 F.3d 8 (1st Cir. 2006); see sec. 6213(a).

The Court has reviewed the evidence presented by petitioner and respondent at trial. The Court agrees with respondent's determination in the deficiency notice that petitioner has failed to substantiate that he had a business loss of $10,000 in 1982. See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976) (holding that taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction). Moreover, even if petitioner had substantiated that he had a business loss in 1982, that loss would not be deductible against his income in 2003. See sec. 165; United States v. Skelly Oil Co., 394 U.S. 678, 684 (1969) (multiple deductions of the same item are generally precluded).

Accordingly, petitioner is not entitled to claim a Schedule C business loss deduction of $10,000 for 2003.

To reflect the foregoing,

Decision will be entered for respondent.