T.C. Memo. 2008-170


UNITED STATES TAX COURT


WILLIAM R. AND LENORE C. LARSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5631-06.                    Filed July 17, 2008.


William R. and Lenore C. Larsen, pro sese.

<u>Diane L. Worland</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


GOEKE, <u>Judge</u>:  Respondent determined deficiencies in petitioners' Federal income taxes of $3,784 and $7,216 for 2002 and 2003, respectively.  Petitioners claim entitlement to dependency exemptions and child tax credits claimed on their joint Forms 1040, U.S. Individual Income Tax Return (tax returns).  In addition, petitioners seek relief in the nature of

a writ of mandamus or a court order compelling respondent to issue individual taxpayer identification numbers (ITINs) to petitioners' five minor children.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners were residents of Indiana.

Petitioners filed joint tax returns for 2002 and 2003 claiming dependency exemptions and child tax credits for their five minor children. Respondent disallowed the exemptions and credits in the notice of deficiency because petitioners did not provide Social Security numbers (SSNs) for their five children on the tax returns. Though they are eligible as U.S. citizens, petitioners' children have not applied for SSNs for personal religious reasons. Petitioners have sought the issuance of ITINs for their children in lieu of SSNs for a number of years; and now, in addition to seeking entitlement to the exemptions and credits, petitioners request relief from this Court through a writ of mandamus to compel the issuance of ITINs for the children.

At trial respondent conceded the claimed dependency exemptions and child tax credits, and petitioners accepted these concessions. Therefore, the only issue before us is whether

petitioners are entitled to a writ of mandamus or a court order compelling respondent to issue petitioners' children ITINs.

OPINION

This Court is a court of limited jurisdiction, having only such jurisdiction as provided by Congress. See sec. 7442; see also Estate of Meyer v. Commissioner, 84 T.C. 560, 562 (1985); Adams v. Commissioner, 72 T.C. 81, 84 (1979), affd. without published opinion 688 F.2d 815 (2d Cir. 1982). With exceptions not germane here, in deficiency cases this Court's jurisdiction is generally limited to redetermining deficiencies in income taxes, estate and gift taxes, and certain specified excise taxes that are subject to deficiency procedures. See secs. 6214, 7442; see also Estate of Meyer v. Commissioner, supra at 562; Judd v. Commissioner, 74 T.C. 651, 653 (1980); Loadholt Trust v. Commissioner, T.C. Memo. 2000-349.

Pursuant to section 6214(a), our jurisdiction is limited to redetermining the correct amount of the deficiency determined by respondent. Neither section 6214 nor any other statute provides this Court an independent jurisdictional basis to review the Internal Revenue Service's refusal to issue an ITIN if the refusal is irrelevant to the determination of a deficiency.

Because petitioners accepted respondent's concession of the dependency exemptions and child tax credits, it is unnecessary to reach the question of whether petitioners' children are entitled

to ITINs, and the Court generally does not decide issues that are moot. See <u>Greene-Thapedi v. Commissioner</u>, 126 T.C. 1, 13 (2006); <u>LTV Corp. v. Commissioner</u>, 64 T.C. 589, 594-595 (1975); <u>Bullock v. Commissioner</u>, T.C. Memo. 2006-6, affd. 206 Fed. Appx. 164 (3d Cir. 2006). Therefore, we need not determine petitioners' childrens' entitlement to ITINs as doing so would function primarily as an advisory opinion for future tax years.

Petitioners' final request is for a writ of mandamus to compel the issuance of ITINs to their five minor children. However, 28 U.S.C. sec. 1361 (2000) grants District Courts original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." Accordingly, we are without jurisdiction to issue a writ of mandamus compelling respondent to issue ITINs to petitioners' children.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for petitioners as to the</u>
<u>deficiencies</u>.