T.C. Summary Opinion 2010-28

UNITED STATES TAX COURT


M. MURRAY & ELEANOR MANTELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17907-08S.                Filed March 9, 2010.


<u>Bruce E. Mantell</u>, for petitioners.

<u>Brian J. Bilheimer</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise

indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Petitioners seek judicial review of the Internal Revenue Service (IRS) determination to proceed with collection by levy of a tax liability for fiscal year 2005. The issues for decision are: (1) Whether the case is moot since the 2005 underpayment has now been satisfied and (2) if the case is not moot, whether respondent improperly sustained the levy.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners are husband and wife and resided in New Jersey at the time of the petition.

Mr. Mantell (petitioner) worked as a salesman for over 40 years before retiring in late 2004 or early 2005. On the advice of his accountant, petitioner elected for his business a fiscal year ending August 31 for purposes of filing Federal income tax returns. Petitioners also adopted this fiscal year for their personal income taxes. Using the August 31 fiscal year, petitioners were required to make quarterly estimated tax payments on December 15, February 15, May 15, and September 15.

In the early 1990s the IRS began applying one or more of the estimated tax payments to years other than those petitioners intended. As a result, IRS records reflected underpayments for

some years and overpayments for other years.  Petitioners consistently filed income tax returns showing four estimated tax payments and an overpayment to be applied forward.  IRS records typically reflected an overpayment year followed by a year with an underpayment.

At some point before 2005 the IRS began processing the income tax returns and estimated tax payments on a calendar year ending December 31.  The record does not reflect that respondent has ever made a determination that petitioners were not eligible to file returns on a fiscal year basis.  Petitioners have continued to file returns and make estimated tax payments on a fiscal year basis.

Petitioners' counsel contacted the IRS many times after the first misapplication of payments.  In some years petitioners were successful in getting the IRS to apply the payments as intended.  In such circumstances the IRS sometimes abated interest and penalties.[1]  In 2003 petitioners' counsel enlisted the help of the Taxpayer Advocate's Office in resolving the problem of the proper application of estimated payments, interest, and additions

---

[1]The IRS listed on the Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, multiple entries for "failure to pay tax penalty."  Both secs. 6651(a)(2) (failure to pay tax) and 6654 (failure to pay estimated tax) provide for additions to tax and not penalties.  Although these additions to tax are described throughout the record as penalties, we shall refer to them hereinafter as additions to tax as set forth in the Internal Revenue Code.

to tax. The outcome of that effort resulted in an agreement which made changes to the application of payments. Some of the additions to tax and interest were abated. The change in account balances was not necessarily in accord with petitioners' requests. There is no evidence that amended returns were filed to reflect the agreement amounts. As a result, the confusion of proper application of payments continued.

Respondent's records reflect the tax assessed (per the return filed) for fiscal year 2005 as $25,777 and a requested carryforward of $2,198. Respondent's fiscal year 2005 Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, reflects the following payments by petitioners:

| Payment Due | Payment Received | IRS Designation | Amount |
| --- | --- | --- | --- |
| 12/15/04 | 12/13/04 | Estimated tax deposit | $5,500 |
| 2/15/05 | 2/6/05 | Overpaid credit (OC)[1] | 5,500 |
| 5/15/05 | 5/12/05 | OC | 5,500 |
| 9/15/05 | 9/23/05 | Subsequent payment | 5,500 |
| | 12/15/04 | OC[2] | 3,975 |
| Total | | | 25,975 |

[1]The 2004 Form 4340 lists six estimated tax payments for the 2004 fiscal year. Two of these payments were applied to the 2005 fiscal year and they appear on the 2005 Form 4340 as "Overpaid Credit From Prior Tax Period."

[2]The Dec. 15, 2004, payment was the carryforward amount the IRS allowed petitioners to apply to their 2005 tax liability, based on their election to do so on their 2004 income tax return.

The IRS issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy) dated January 26, 2008. The notice of intent to levy reflects a balance of $2,661.80 for the fiscal year 2005, including additions to tax and interest.

Petitioners' collection due process (CDP) hearing request was received on February 28, 2008, by the IRS. The CDP hearing was held on May 21, 2008. Petitioners' counsel requested abatement of interest and additions to tax for multiple years and that certain estimated payments for various years be applied to other years. The settlement officer abated all of the additions to tax and all but $303.69 of interest for the fiscal year ending August 31, 2005. At the time of the hearing, there remained a balance due for the fiscal year 2005. Petitioners' counsel did not propose any collection alternatives. After the hearing, the IRS issued the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy.

Petitioners filed a petition disputing the notice of determination with the Court on July 21, 2008.[2] After the CDP hearing, respondent applied a portion of a $21,000 estimated tax

---

[2]The petition also attempted to raise a dispute as to tax years 2003 and 2004. Respondent filed a motion to dismiss for lack of jurisdiction and to strike as to taxable years 2003 and 2004 on Aug. 3, 2009.

payment, which was intended by petitioners as an estimated tax payment for 2008 but deemed an overpayment in 2007, to satisfy the outstanding balance for 2005.  Respondent indicates that he no longer seeks to enforce the levy.  Accordingly, respondent now argues that the case is moot.

## Discussion

We have jurisdiction under section 6330(d)(1) to review respondent's determination that the notice of intent to levy was proper and that respondent may proceed to collect by levy.[3]

In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination of the underlying tax liability de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  The Court reviews any other administrative determination regarding proposed collection actions for an abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.  An abuse of discretion occurs when the exercise of discretion is without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 308 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

---

[3]The Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, amended sec. 6330(d) and granted this Court jurisdiction over all sec. 6330 determinations made after Oct. 16, 2006.  Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007).

At the collection hearing, a taxpayer may raise any relevant issues relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives.  Sec. 6330(c)(2)(A).  In addition, he may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute such liability.  Sec. 6330(c)(2)(B).

Mootness

The Tax Court is a court of limited jurisdiction; we may exercise jurisdiction only to the extent expressly authorized by Congress.  See Henry Randolph Consulting v. Commissioner, 112 T.C. 1, 4 (1999).  Our jurisdiction in this case is predicated upon section 6330(d)(1), which gives the Tax Court jurisdiction "with respect to such matter" as is covered by the final determination in a requested hearing before the Appeals Office.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000).  "Thus, our jurisdiction is defined by the scope of the determination" that the Appeals officer is required to make. Freije v. Commissioner, 125 T.C. 14, 25 (2005).

Petitioners seek an instruction by the Court, directing respondent to apply certain estimated tax payments to certain fiscal years.  The notice of determination, however, concerns only the 2005 fiscal year.  Our jurisdiction in this case is

confined, therefore, to review of the Appeals officer's determination sustaining a levy to collect an unpaid tax liability for 2005.

We note that in Freije the taxpayer sought to dispute a payment intended for a determination year (1997) but applied to a nondetermination year (1995). In such circumstances, we concluded that our jurisdiction extends in appropriate circumstances to years other than those in which the tax liability arose. Here there has not been an application of payments from the determination year to a nondetermination year.

In Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006), the taxpayer brought a case in the Tax Court disputing a notice of determination sustaining a levy for her 1992 tax liability. After the filing of the petition, the Commissioner applied an overpayment from the 1999 taxable year to the 1992 tax liability, which resulted in full payment of the 1992 tax liability. Id. at 4. Consequently, the Commissioner asserted that the case was moot since he claimed there was no amount due and he was no longer pursuing a collection action. Id. at 6. The Court held the case was moot and noted that an offset under section 6402 does not constitute a levy action and accordingly is not a collection action subject to review in a section 6330 proceeding. Id. at 7-8; see also Boyd v. Commissioner, 124 T.C. 296, 300 (2005), affd. 451 F.3d 8 (1st Cir. 2006); sec. 301.6330-1(g)(2),

Q&A-G3, Proced. & Admin. Regs. (an offset is a nonlevy collection action that the IRS may take during the suspension period provided in section 6330(e)(1)).

Respondent asserts that there is no unpaid liability for the determination year upon which a levy could be based and has stated that he is no longer pursuing the proposed levy. Accordingly, the proposed levy for petitioners' 2005 tax liability is moot.

Respondent abated all failure to pay additions to tax at the time of the CDP hearing, and only the unpaid tax and interest remained on the account. The right to challenge the existence and amount of an underlying tax liability encompasses the right to challenge the existence and amount of disputed interest thereon. Urbano v. Commissioner, 122 T.C. 384, 389-390 (2004). Whatever right petitioners may have to challenge the existence and amount of their underlying tax liability in this proceeding arises only in connection with their challenge to the proposed collection action. Greene-Thapedi v. Commissioner, supra at 8. Inasmuch as the proposed levy is moot, petitioners have no independent basis to challenge the existence or amount of their underlying tax liability in this proceeding and we need not reach that issue.[4] Id. For the reasons discussed herein, respondent's

_____

[4]Had this case not been moot, it would appear that petitioners would be entitled to dispute the underlying liability
(continued...)

motion to dismiss for lack of jurisdiction and to strike as to taxable years 2003 and 2004 will be granted.

We have considered all of petitioners' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>An appropriate order and order of dismissal will be entered</u>.

---

[4](...continued)
under sec. 6330(c)(2)(B).  Petitioners received no notice of deficiency and otherwise had no opportunity to dispute the underlying liability.