T.C. Memo. 2010-219

UNITED STATES TAX COURT

WILLIAM M. PERRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27540-08.              Filed October 7, 2010.

<u>Robert B. Jackson</u> and <u>William A. Roberts</u>, for petitioner.

<u>Duy P. Tran</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on petitioner's motion to restrain collection of taxes and to order respondent to refund an overpayment pursuant to Rule 55. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

## Background

In a notice of deficiency mailed to petitioner on August 11, 2008, respondent determined a $9,219 deficiency in petitioner's 2002 Federal income tax and additions to tax pursuant to section 6651(a)(1) and (2) of $754 and $838, respectively. In October 2008 respondent applied petitioner's 2007 overpayment of $4,416 to offset part of the 2002 deficiency.[1]

On November 12, 2008, petitioner filed a timely petition in the Tax Court to contest the 2002 deficiency.[2] On March 30, 2009, petitioner filed this motion pursuant to Rule 55 to enjoin respondent from applying the 2007 overpayment to his 2002 deficiency and to order respondent to refund the 2007 overpayment. We must decide whether respondent violated the restrictions on collection and assessment in section 6213(a) when he offset petitioner's 2007 overpayment against the deficiency for 2002.

## Discussion

Petitioner takes the position that section 6213(a) prohibits the Commissioner from engaging in all collection activities, including offsets, during the period in which the taxpayer may petition the Tax Court (i.e., 90 or 150 days after the notice of

---

[1] On Mar. 24, 2008, petitioner timely filed his 2007 tax return showing a $4,416 overpayment.

[2] At the time the petition was filed, petitioner resided in Texas.

deficiency is mailed), or if the taxpayer files a petition, until our decision becomes final.  Petitioner argues that the offset violated section 6213(a) because it was performed during the 90-day period within which respondent was barred from collecting.  As a result, petitioner maintains that the Court must enjoin respondent from making the offset and order him to refund the 2007 overpayment.

Respondent objects to petitioner's motion on the grounds that the offset does not violate section 6213(a) because an offset is not an assessment, a levy, or an in-court collection proceeding.

Section 6402(a) expressly authorizes the Commissioner to credit an overpayment against any tax liability of the taxpayer. Section 301.6402-1, Proced. & Admin. Regs., similarly provides that the Commissioner may offset an overpayment against "any outstanding liability".[3]

---

[3]  We need not address respondent's argument that a "liability" for purposes of sec. 6402(a) arises when a notice of deficiency is issued.  This Court lacks jurisdiction to grant the relief petitioner requests in his motion (i.e., to enjoin the offset and compel respondent to refund the 2007 overpayment) regardless of the definition of the term "liability".  Our authority to enjoin the Commissioner's collection activities and order him to refund amounts collected is limited.  See secs. 6213(a), discussed infra, 6512(b)(1), (2), (4), 6214(b).

Section 6213(a) provides, in relevant part:

> SEC. 6213(a). Time for Filing Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * [N]o assessment of a deficiency in respect of any tax * * * and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until * * * [the notice of deficiency] has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * * [T]he making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by * * * the Tax Court, and a refund may be ordered by * * * [the Tax Court] of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court * * * [Emphasis added.]

Though section 6213(a) does not specifically prohibit offsets, petitioner argues that the "underlying, fundamental principle" of the statute is that the Commissioner, during the period in which the statute's restriction is in effect, is prohibited from collecting, by any means, including an offset, a deficiency that a taxpayer may dispute in the Tax Court. A plain reading of the statute, however, does not support petitioner's argument.

Section 6213(a) limits the Commissioner's authority with respect to premature assessments, levies, and in-court collection proceedings, none of which occurred here. The parties agree that respondent did not assess the 2002 deficiency. Furthermore, an offset under section 6402(a) is distinguishable from, and does

not constitute, a levy.  See, e.g., <u>Sage v. United States</u>, 908 F.2d 18, 27 (5th Cir. 1990) ("The Supreme Court has held that a levy is a means by which the Internal Revenue Service may acquire possession of a taxpayer's property * * *; a 'set-off', on the other hand, is the application of funds already in the Government's possession against a taxpayer's outstanding tax liability."); <u>Boyd v. Commissioner</u>, 124 T.C. 296, 300 (2005) ("A levy is distinguishable from an offset."), affd. 451 F.3d 8 (1st Cir. 2006); <u>Bullock v. Commissioner</u>, T.C. Memo. 2003-5 ("An offset under section 6402 is distinguishable from, and does not constitute, a levy action."); <u>Trent v. Commissioner</u>, T.C. Memo. 2002-285 ("A levy must be distinguished from an offset of an overpayment or refundable credit, * * * The Commissioner * * * may engage in nonlevy collection actions, such as offsetting overpayments from other tax years after the requesting spouse files for relief.").  Finally, an offset, which is an administrative "bookkeeping operation" of applying a credit from one year against a deficiency in another year, is not a "proceeding in court" for the collection of a deficiency.[4]  See <u>Fulgoni v. United States</u>, 23 Cl. Ct. 119, 126 (1991) ("The

---

[4]  The in-court collection proceedings that sec. 6213(a) refers to include those brought by the U.S. Government in the District Courts pursuant to secs. 7401 and 7403.  The District Courts of the United States have jurisdiction over such tax collection suits.  See 28 U.S.C. secs. 1340, 1345 (2006); see also sec. 7402(a).

administrative offset was a simple bookkeeping operation of applying a credit for 1986 against a debt for 1980.").

On the basis of the foregoing, respondent did not violate section 6213(a).  Accordingly, we will deny petitioner's motion. In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be entered</u>.